IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL ASAMOAH,**

    **Plaintiff,**

    v.

**GM FINANCIAL,**

    **Defendant.**

**Case No. 2:21-cv-3724**
**Judge Michael H. Watson**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMENDATION

This matter is before the Court on the July 6, 2021, Order directing Plaintiff to file a supplemental memorandum in support of his Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). In accordance with the following discussion, the Undersigned **RECOMMENDS** Plaintiff's Motion (Doc. 1) be **DENIED** and this case be **DISMISSED** for want of prosecution.

**I.    BACKGROUND**

Plaintiff filed his Complaint on June 21, 2021, along with a Motion for Leave to Proceed *in forma pauperis*. (Docs. 1, 1-1). Upon review, the Court noted that "[o]ver the past year and a half, Plaintiff has filed seven lawsuits in this Court." (Doc. 2). The Court found that in each of those cases, Plaintiff either paid the full filing fee, or was otherwise not permitted to proceed *in forma pauperis*. (*Id*. at 1). Ultimately, the Court determined that it was "not clear [] what has changed in the past year and a half that would prevent [Plaintiff] from paying the filing fee here[,]" and ordered him to submit a supplemental memorandum in support of his Motion on or before July 13, 2021. (*Id*. at 2). As of the date of this Report and Recommendation, Plaintiff has not filed any supplemental memorandum.

**II.     DISCUSSION**

First, Plaintiff has failed to meet the standard governing a motion to proceed *in forma pauperis*. The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself of the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

As detailed above, in the last year and a half Plaintiff has filed seven lawsuits in this Court and in each of those cases, he has either paid the full filing fee, or has otherwise not been permitted to proceed *in forma pauperis*. *See Asamoah v. Capstone Logistics, LLC, et al.*, 2:19-cv-05292-SDM-KAJ (S.D. Ohio); *Asamoah v. The Sygma Network, Inc.*, 2:19-cv-05507-SDM-KAJ (S.D. Ohio); *Asamoah v. Amazon.com Serv., Inc.*, 2:20-cv-3305-ALM-EPD (S.D. Ohio); *Asamoah v. Tigerpoly Mfg., Inc.*, 2:20-cv-05376-ALM-KAJ (S.D. Ohio); *Asamoah v. Capstone Logistics, LLC*, 2:20-cv-06590-SDM-KAJ (S.D. Ohio); *Asamoah v. Amazon.com Serv., Inc.*, 2:21-cv-00003-ALM-EPD (S.D. Ohio). And when the Court directed him to show what has changed in the past year and a half that would prevent him from paying the filing fee here, Plaintiff failed to respond. (Doc. 2). Accordingly, as it currently stands, Plaintiff's Motion does not reflect that he cannot pay

the Court's filing fee without depriving himself of the "necessities of life." *Adkins*, 335 U.S. at 339.

Second, given Plaintiff's repeated failures to cure the deficiencies in his motion to proceed *in forma pauperis*, dismissal of this matter for failure to prosecute is appropriate. The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Since filing this action in June, and as evidenced by his conduct in his other cases, Plaintiff has repeatedly failed to comply with this Court's orders, despite the Undersigned's repeated

3

instruction. (*See generally* Doc. 2). Moreover, Plaintiff has ignored a Court order requiring him to supplement his motion to proceed *in forma pauperis*. (*Id.*). He has been afforded close to thirty days to comply with these orders, or to show cause otherwise.

In view of the foregoing, the Undersigned concludes that Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED** and this case be **DISMISSED** for want of prosecution.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: July 30, 2021                              /s/Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE